**In the Matter of John A. HALL, Debtor.**

**Diane JENSEN, Trustee, Plaintiff,**

v.

**Elizabeth A. HALL, Defendant.**

**Bankruptcy No. 81–1356.**

**Adv. No. 81–456.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 10, 1983.

G. Gordon Harrison, Fort Myers, Fla., for plaintiff.

Alfred E. Johnson, North Fort Myers, Fla., for defendant.

Diane Jensen, Fort Myers, Fla., trustee.

ORDER ON MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THIS CAUSE came on for hearing upon a Motion to Hold Defendant in Contempt of Court filed by Diane L. Jensen, the Chapter 7 Trustee in the above-styled case. The Chapter 7 Trustee contends that the Defendant, Elizabeth Ann Hall, individually

and as Trustee of a trust (The Hall Trust) created by John A. Hall (the Debtor) and his wife, Elizabeth Ann Hall on October 27, 1976, should be held in contempt of court for violating the terms of a stipulation which was entered into by the Chapter 7 Trustee and Elizabeth Ann Hall, in her capacity as the Hall Trustee on February 16, 1982, and approved by this Court on February 19, 1982. The Plaintiff also alleges that Elizabeth Ann Hall violated the final judgment entered in this cause on September 14, 1982 which in pertinent part ordered all trust assets be frozen. After the entry of the final judgment, the Defendant cashed a mortgage check and allegedly failed to disburse the proceeds to the Trustee in Bankruptcy or in any way account for the same. Jensen seeks not only a citation for contempt, but also a court order directing Elizabeth Ann Hall to turn over $2,949.38, an amount equal to the mortgage payment, to restore all sums by which the trust has been diminished as a result of acts in violation of the September 14, 1982 court order and to pay the Plaintiff's attorney fees.

The Court heard argument of counsel, considered the record and finds as follows:

On July 31, 1981, John Hall filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. Diane Jensen was appointed trustee of the Chapter 7 estate and in that capacity filed a Complaint to Set Aside Fraudulent Transfer pursuant to § 544(b) of the Bankruptcy Code. The Complaint alleged that on October 27, 1976, the Debtor and Elizabeth Ann Hall as settlors, executed a Trust Agreement naming Elizabeth Ann Hall as Trustee and the Debtor and his wife as primary beneficiaries. Throughout 1976, the Debtor and his wife transferred both real and personal property to Elizabeth Ann Hall in her capacity as Trustee of the Hall Trust. Jensen asserted and the Court, after a final evidentiary hearing, concluded that the transfers were voidable by creditors under the applicable non-bankruptcy law and, therefore, subject to avoidance by the Chapter 7 trustee pursuant to Bankruptcy Code § 544(b).

Prior to the final evidentiary hearing on the Trustee's complaint; Jensen and Elizabeth Ann Hall entered into a stipulation for the stated purpose of preserving the trust assets while enabling the Debtor and his wife to use a portion of the income and principal of the trust for living expenses and enabling the Trustee to engage in good business practices during the pendency of the litigation. The stipulation which was approved by the court on February 19, 1982, provides in pertinent part:

3. The Defendant may use the sum of $4,146.75 which represents the balance in a corporate bank account of Aberco Enterprises, Inc. as of September 26, 1981, and the sum of $3,414 which sum represents the balance in the bank account of Highlander Enterprises, Inc. as of October 2, 1981 for the reasonable business practices of the trust, since the trust represents the sole shareholder of said corporations. *No further sums shall be added to either corporate account, however, without the consent of the Trustee and order of this Court, except those sums which have previously been deducated (sic) per the corporate records.* (emphasis added)

4. . . .

5. The Defendant acknowledges that as of October 12, 1981, the Trust savings account at Gulf Coast National Bank held the sum of $16,124.31 of which $7,000 has been transferred to Aberco or Highlander Account. Plaintiff and Defendant stipulate that said savings account may be diminished by the maximum sum of $1,000 for every 30 day period beginning this date . . .

6. Defendant acknowledges that as of October 12, 1981, they had $40,000 in Treasury Bills. Defendant agrees to reinvest the proceeds of said Treasury Bills as they become due and agrees not to mortgage, pledge, transfer, assign, release, hypothecate or in any other way dispose of or encumber the sums represented by such treasury bills without the

consent of the Trustee and Order of this Court.

As noted above, the Court conducted a final evidentiary hearing on the Complaint to Set Aside Fraudulent Transfer and entered a final judgment on September 14, 1982. The Court ruled that all conveyances by the Debtor and his wife to the Hall Trust were void; ordered Elizabeth Ann Hall to render an accounting; directed Elizabeth Ann Hall to execute documents to implement the judgment and prohibited Elizabeth Ann Hall as Trustee from any further use, disposition, or otherwise, of any trust assets. Elizabeth Ann Hall timely submitted the accounting and turned over control of all trust assets to the Chapter 7 Trustee in compliance with the final judgment.

It is undisputed that Elizabeth Ann Hall in her capacity as Trustee of the Hall Trust did technically violate the terms of the stipulation and the final judgment by performing the following acts between February 16, 1982 and September 28, 1982: (1) in contravention of Paragraph 35 of the Stipulation, the Trustee used corporate funds and made substantial deposits to the corporate accounts without the consent of the Trustee and approval of the Court; (2) the Trustee withdrew sums in excess of $1,000 from the Trustee Savings Account on May 7, 1982; June 7, 1982; June 17, 1982; July 2, 1982; and August 6, 1982 in violation of Paragraph 5 of the Stipulation; (3) the Trustee failed to reinvest $10,000 in treasury bills upon maturity of a treasury bill, but rather deposited the $10,000 proceeds into the savings account to be applied to the business operations of Highlander Enterprises in violation of Paragraph 6; (4) finally, the Trustee cashed the September 15, 1982 mortgage payment generated from the Naples Park Mortgage, a trust asset, and applied the proceeds to the payment of living expenses of the Debtor and his wife as provided by the Stipulation, although prohibited by the final judgment entered by this Court September 14, 1982.

There is no doubt that Elizabeth Ann Hall violated the terms of the Stipulation and as a result of these violations, the trust suffered a reduction of $59.03, an amount which Elizabeth Ann Hall has returned to the estate. The Hall Trustee also *technically* violated the final judgment rendered on September 14, 1982 by cashing the mortgage payment check and applying the proceeds to the payment of the personal living expenses of she and her husband. The evidence reveals, however, that the check was received by the Trustee on September 15, 1982 one day after the entry for the final judgment and before the Trustee had notice of the same. Elizabeth Ann Hall cashed the check, as allowed by the stipulation, without knowledge that the judgment had been entered. Clearly, there exists no willful violation. Upon consideration of this record, the Court finds that as a result of the technical violations of the stipulation and final judgment, Elizabeth Ann Hall must pay over to the estate the total sum of $2,949.38 representing the post-final judgment mortgage payment in the amount of $2,949.38. It is the opinion of the Court, however, that a citation for contempt is neither justified nor warranted. While there is no question that the technical violations occurred, there is no showing of damage to the Chapter 7 estate or to creditors. In addition, the Trustee acted in good faith to preserve the trust assets and any violation of a court order was neither willful nor malicious.

In light of the foregoing, the Motion for Contempt filed by Diane Jensen must be denied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Hold Defendant in Contempt of Court filed by Diane Jensen be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that Elizabeth Ann Hall be, and the same hereby is, directed to pay over to the Chapter 7 Trustee the sum of $2,949.38 to be applied to the Chapter 7 estate and the sum of $250 for attorney's fees.