In the Matter of John A. HALL, Debtor.

Diane L. JENSEN, Plaintiff,

v.

John A. HALL, Defendant.

Bankruptcy No. 81–1356.

Adv. No. 82–790.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 10, 1983.

Diane L. Jensen, Fort Myers, Fla., trustee.

Alfred E. Johnson, North Fort Myers, Fla., for defendant.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THIS CAUSE came on for pre-trial conference upon a Complaint Seeking Revocation of Discharge filed by Diane Jensen, the Trustee in bankruptcy against John A. Hall, the Chapter 7 Debtor in the above-styled case. It is the contention of the Trustee in bankruptcy that the Debtor in conjunction with Elizabeth Ann Hall, his wife, individually and as Trustee of the Hall Trust, violated a Court order dated February 19, 1982. Thus, the Trustee in bankruptcy seeks a revocation of the Debtor's discharge pursuant to § 727(a)(6)(A) and (e).

The Court considered the record and finds as follows:

On July 31, 1981, John A. Hall filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. Approximately five years earlier, the debtor and his wife, Elizabeth Ann Hall executed a trust agreement, naming Elizabeth Ann Hall as Trustee and the Debtor and his wife as primary beneficiaries of the Trust. Upon the filing of the Chapter 7 Petition, Diane Jensen was appointed Chapter 7 trustee and in that capacity, filed a Complaint to Set Aside Fraudulent Transfer pursuant to § 544 of the Bankruptcy Code, based on the allegation that the transfer of property by the Debtor and his wife to the trust were illegal pursuant to the applicable state law and, therefore, voidable by creditors and void as to the trustee in bankruptcy. (*Jensen v. Hall,* (Bkrtcy.M.D.Fla.1983), 33 B.R. 156).

After the Chapter 7 Trustee filed the Complaint, but prior to resolution of this matter, Elizabeth Ann Hall, as the Hall Trustee and Diane Jensen, as Chapter 7 Trustee, entered into a stipulation agreement regarding the use and control of the trust funds during the pending of the adversary proceeding.

In due course, the cause came on for final evidentiary hearing and this Court ruled that the transfers were, in fact, fraudulent as to creditors under applicable state law and, therefore, null and void as to the Trustee in bankruptcy pursuant to § 544(b) of the Bankruptcy Code. In addition, the Court ordered Elizabeth Ann Hall to render an accounting to the Chapter 7 trustee, execute all documents to implement the judgment and refrain from selling, pledg-

ing, leasing, assigning, disposing or encumbering any assets of the Trust.

On October 14, 1982, the Trustee in bankruptcy filed a Motion to Hold Defendant (Elizabeth Ann Hall) in Contempt of Court for violating the terms of the stipulation and for violating the final judgment in Adversary Proceeding No. 81–456. On the same day, the Trustee instituted this adversary proceeding by filing a Complaint Seeking Revocation of Discharge of the Debtor pursuant to § 727(a)(6)(A) and (e) of the Bankruptcy Code. A duly scheduled pretrial conference was conducted in this cause, at which time all parties agreed that a finding by this Court that a citation for contempt as against Elizabeth Ann Hall was not warranted in Adversary Proceeding No. 81–456 would be dispositive of this cause.

Subsequently, the Court determined that the actions of Elizabeth Ann Hall did not justify a finding of contempt. Therefore, the Debtor's discharge must remain intact and this adversary proceeding must be dismissed.

A separate final judgment will be entered in accordance with the foregoing.